UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

AAI RECOVERIES, INC.,

Plaintiff,

v.                                            CIVIL NO. 98-1708 (DRD)

G & G LUMBER CORP., et al.,

Defendants.

## ORDER

Pending before the Court is a motion to vacate judgment filed by Defendant, Gerardo Pérez-Menéndez ("Pérez"), (Docket No. 15), requesting relief from judgment by default under FED. R. CIV. P. 60. (Docket No. 14). Plaintiff, AAI Recoveries, Inc., ("AAI"), filed an opposition. (Docket No. 18). This Court **DENIES** Pérez's Motion Requesting Relief from Judgment by Default.

As background, the Court briefly restates the procedural aspects that led to the July 19, 1999 judgment by default. (Docket No. 14). AAI, filed the complaint on June 19, 1998. (Docket No. 1). The summons and complaint were served on Defendant, G & G Lumber, Corp. ("G & G"), by means of its resident agent Manuel E. Romeu, on August 6, 1998. (Docket No. 2). Therefore, G & G's time to file a responsive pleading expired on August 26, 1998.[1] On September 3, 1998, the Court ordered that if Defendants failed to answer or otherwise respond to the Complaint on or before September 15, 1998, Plaintiff was to request the Court or the Clerk for entry of default against all

---

[1] Pursuant to FED. R. CIV. P. 12(a), Defendants must serve an answer upon Plaintiff within 20 days after being served with the summons and complaint.

nonresponding Defendants. (Docket No. 3). Thereafter, on October 8, 1998, the Plaintiff moved the Court to Extend Time to serve summons as to defendants: Gerardo Pérez-Menéndez, Ana Lucia García ("García"), and their conjugal partnership, until January 15, 1999. (Docket No. 4). The motion was granted. (Docket No. 4–Marginal Order). Prior thereto, on October 5, 1998, two events took place: Plaintiff moved the Court for entry of default as to defendant G & G (Docket No. 5), and the Clerk of Court's respective annotation of the entry of default as to defendant G & G. (Docket No. 5–Marginal Order).

Subsequently, AAI presented a motion to move the Court for partial judgment by default against defendant G & G on October 9, 1998. (Docket No. 6). A request for partial default judgment against defendant G & G was filed by Plaintiff on November 16, 1998. (Docket No. 7). It was endorsed on November 17, 1998, in the amount of $203,654.91 of principal and interest, plus costs, expenses, and attorneys' fees. (Docket No. 7).

The summons as to defendant García was served on December 16, 1998. (Docket No.12–Exhibit 1). Thereafter, the summons returned executed as to defendant Pérez, individually and as co-administrator of the defendant conjugal partnership on December 22, 1998. (Docket No. 9).

Subsequently, defendants Pérez, García, and G & G, who as of this time were all effectively served with process, filed a motion on February 1, 1999, titled "Request for Extension" to extend time for 45 days to answer the complaint. In this motion, defendants, claimed that "part of its documents were lost as well as most of its assets but enough of them are still available, only pending being located after so much time" to prove payment of debt. (Docket No. 10). The defendants were granted an extension to answer the complaint until February 22, 1999. The Court forewarned the

defendants that no further extensions would be granted. (Docket No. 10–Marginal Order). Instead of complying with the Court's order and timely answering the complaint, defendants filed an Informative Motion, Offer to Stipulate, and Other Issues on April 28, 1999, more than two months late. (Docket No. 11). The Defendants never answered the complaint.

On May 10, 1999, Entry of Default against defendants Pérez and García was entered. (Docket No. 12). On July 14, 1999, Plaintiff moved the Court to grant default judgment against defendants Pérez, García, and their conjugal partnership. (Docket No. 13). The motion was granted on July 19, 1999, and the case was closed. (Docket No. 14). Pérez and García objected neither to the entry of default in May, 10, 1999 nor to the July 14, 1999 motion seeking default judgment.

Finally, on September 16, 1999 a motion to vacate the July 19, 1999 judgment order, was filed by defendant Pérez. (Docket No. 15). This is the motion under the Court's consideration.

As a first step, the Court must determine the proper applicable standard for setting aside a default judgment. See <u>F.D.I.C. v. Francisco Inv. Corp.</u>, 873 F.2d 474, 478 (1st Cir. 1989). Federal Rule of Civil Procedure 55(c) sets aside, "for good cause shown, an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." FED. R. CIV. P. 55(c). Rule 55(c) also provides that "the Court may set aside an <u>entry of default</u> for good cause and that a <u>judgment by default</u> may be set aside using the more restrictive provisions of Rule 60(b) for final judgments." <u>F.D.I.C. v. Francisco Inv. Corp.</u>, 873 F.2d at 478 (emphasis added).

Because <u>judgment by default</u> has been entered, the Court proceeds to analyze defendant Pérez's Motion Requesting Relief from Judgment by Default pursuant to Federal Rule of Civil Procedure 60(b).

## RULE 60(b)

Rule 60(b), in comparison with Rule 55(c), is more strict in its nature. See <u>Enron Oil Corporation v. Diakuhara</u>, 10 F.3d 90 (2nd Cir. 1993). The circumstances in which Rule 60(b) permits a court to relieve a party from an otherwise final judgment or order are: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence that, even exercising due diligence, the moving party could not have discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment.

"Rule 60(b) is a motion for extraordinary relief and should be utilized only in exceptional circumstances." <u>De la Torre v. Continental Ins.</u>, 15 F.3d 12, 14-15 (1st Cir. 1994).

In his motion, defendant Pérez does not specify which subsection(s) of Rule 60(b) are applicable, thus the Court shall analyze the three, that is subsections 1, 2, and 6, that may apply.

### 1) MISTAKE, INADVERTENCE, SURPRISE, OR EXCUSABLE NEGLECT

The term "neglect" encompasses negligence and carelessness. The Court has made it clear that attorney negligence or carelessness can constitute excusable neglect. See <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380 (1993). In evaluating whether neglect is excusable under Rule 60(b), courts generally consider all relevant circumstances, including: (1) the danger of prejudice to the adverse party; (2) the length of any delay caused by the neglect and its effect on the proceedings; (3) the reason for the neglect, including whether it was within the reasonable control of the moving party; and (4) whether the moving party acted in good faith. See

AO 72
(Rev 8/82)

Pioneer, 507 U.S. 380; United We Stand Am., Inc. v. United We Stand Am. N.Y., 128 F.3d 86 (2nd Cir. 1997), American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 59 (2nd Cir. 1996), Davis v. Musler, 713 F.2d 907, 915 (2nd Cir. 1983). Under this rule, a default judgment should be set aside for excusable neglect where defendant did not default as a result of strategy, a meritorious defense may exist, and no prejudice to plaintiff from removing the default judgment is shown. See Zawadski de Bueno v. Bueno Castro, 822 F.2d 416 (6th Cir. 1987).

Defendant Pérez claimed, among other factors, that the evidence was unavailable because of "a fire, a hurricane" (Docket No. 15) and that for those reasons, among others, he failed to produce the documentary evidence on time. The Court is unpersuaded.[2] In Ayala v. Ríos, 189 F.R.D. 38, (1999), Plaintiffs were not entitled to a finding of excusable neglect where they cited a hurricane as reason for not complying with court's deadlines, even though the hurricane occurred two months prior to deadline.

Given the totality of the circumstances and that the reason for the neglect was within the defendant's reasonable control, together with the elapsed time (defendant informed as to the recuperated lost documents on April 15, 1999, default was subsequently entered on May 10, 1999, default judgment was entered on July 14, 1999, and defendant finally sought relief on September 16,1999), the Court sees no excusable neglect.[3]

---

[2] Although this order specifically deals with defendants failure to file a responsive pleading, nevertheless, defendants has referenced checks which could have reduced the amount of the judgment. The checks were never presented to the Court notwithstanding that Defendant accepts to have them since April 15, 1999.

[3] The hurricane and fire excuse plays no role in this case because the documents were recuperated as admitted by defendants on April 15, 1999, default was not entered until May 10, 1999, and default judgment was not entered until July 14, 1999.

## 2) NEWLY DISCOVERED EVIDENCE THAT, EVEN EXERCISING DUE DILIGENCE, THE MOVING PARTY COULD NOT HAVE DISCOVERED

Courts have noted that FED. R. CIV. P. 60(b)(2) cases may be cited in support of FED. R. CIV. P. 59 motions, and vice versa. See Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990). The only evidence that qualifies as "newly-discovered" evidence within the meaning of the rule justifying setting the judgment aside is evidence of facts that were in existence at the time of the original trial or that relate directly to the facts that were tried. See Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir. 1988) (evidence concerning results of investigation that took place after trial was not newly-discovered evidence, since results did not exist at time of trial). More importantly, in order for evidence to be newly discovered, the party must have been unaware of the existence of the evidence before or during the trial. See Parrilla-López v. U.S., 841 F.2d 16, 19 (1st Cir. 1988).

On April 15, 1999, Defendants claimed they had found the checks that proof payment of the note. (Docket No. 11). Defendants never produced the checks.[4] Instead, five months later, Defendants produced an unofficial schedule detailing the checks that were allegedly paid. (Docket No. 15).

FED. R. CIV. P. 60(b)(2) requires newly discovered evidence, as opposed to evidence that is merely new. See id. When a party has evidence in its possession, the party does not discover that evidence at a later time. See Coastal Transfer Co. V. Toyota Motor Sales, U.S.A., 833 F.2d 208, 212 (9th Cir. 1987). For example, misplaced evidence and then found shortly after the trial has ended has

---

[4] Defendants state that the checks were found on April 15, 1999. The Court sees no reason why the complaint was not answered prior to default being entered on May 10, 1999, and certainly why default was not requested to be set aside prior to the entry of judgment on July 14, 1999.

not been discovered, it has merely been produced late. See Longden v. Sunderman, 979 F.2d 1095, 1103 (5th Cir. 1992) (evidence offered by plaintiff on motion was in her files prior to summary judgment hearing, and fact that it took 25-day search to find it was irrelevant). In order to prevail on a motion, the moving party must show that the failure to produce the evidence at trial or in time for a new trail motion was not caused by the moving party's lack of diligence.

In the motion at bar, the Court has not been placed in the position by defendant within the meaning of the rule to justify the remedy of setting aside the judgment.

### 6) ANY OTHER REASON THAT JUSTIFIES RELIEF FROM THE JUDGMENT

A court may grant relief from a judgment, even though the case does not fit into one of the other, more specific provisions under FED. R. CIV. P. 60(b), if there is "any other reason justifying relief from the operation of the judgment." As a matter of fact, this rule "may not be used as a vehicle for circumventing clauses (1) through (5)." Cotto v. U.S., 993 F.2d 274, 277 (1st Cir. 1993).

In the motion for relief filed by Pérez (Docket No. 15), it is not clearly stated the specific subsection of Rule 60 alluded for the claimed relief. However, in view of the circumstances of the claim the Court has determined that the relief requested is under Rule 60(b)(2). Under Rule 60(b)(2), a court may relieve a party from an otherwise final judgment or order based on "newly discovered evidence" that, even exercising due diligence, the moving party could not have discovered. But the record reveals that, Defendant Pérez, had the checks as proof of payment since April 15, 1999 and simply failed to produce them on a timely manner to lift the default entered on May 10, 1999, and to set aside the default judgment of July 14, 1999.[5] Allegedly However, Rule

---

[5] The Court does not understand why defendants did not simply answer the complaint when the checks were allegedly recuperated on April 15, 1999, almost one month prior to default having been entered.

AO 72
(Rev 8/82)

60(b)(6) may not be invoked, when the movant has also sought the protection of one of the first five subsections of Rule 60(b). See Simon v. Navon, 116 F.3d at 1, 5 (1st Cir. 1997). This Court will not enter to fully discuss Rule 60(b)(6) since it appears that Defendant Pérez is claiming under Rule 60(b)(2); newly-discovered evidence. Doing so would result in an inconsistency of the Court with Simon, *supra*. Nevertheless, the Court is convinced that there is no other reason justifying relief from judgment.        Succinctly, after the above analysis, it becomes clear that Defendants never answered the complaint and gave no adequate justification for their dereliction. Notwithstanding the fact that Defendants were obligated to answer the complaint on January 1999, extended by the Court for an additional 45 days, and that the Court having entered default judgment almost five months later, the Defendants have still not answered.[6] For the aforementioned reasons the Court finds no justification for failing to answer on a timely manner.

Finally, the Court **GRANTS** Defendants **until October 16, 2000** to produce the checks that proof partial payment of debt in order to modify the amount of the judgment. **NO FURTHER EXTENSIONS.**

WHEREFORE, the Court states that Pérez's motion to vacate judgment under the grounds of "newly discovered evidence" of Rule 60(b)(2) is **DENIED.**

**IT IS SO ORDERED.**

**Date: September 29, 2000**

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

P \FINALORD ERS\98-1708 DEF

---

[6] Further the defendants never objected neither to the entry of default nor to the subsequent default judgment entered on motion two months thereafter.

AO 72
(Rev 8/82)