UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

AAI RECOVERIES, INC.,
Plaintiff,
vs.
G & G LUMBER CORP., et al
Defendants.

CIVIL NO. 98-1708 (DRD)

### ORDER

The deadline of October 16th, 200 set by this Court in its Order (Docket No. 19) dated September 29th, 2000 for Defendants to submit cancelled checks as proof of partial payment of their debt has expired. Defendants have not since filed any documents of any kind with this Court. The judgment entered on July 19th, 1999 (Docket No. 14), for the amount of $231,843.12 plus interest at 4.727% (compounded annually on the anniversary date of judgment), amounts to $248,934.59 as of the date hereof. Such judgment is **final**.

Plaintiff's Motion Restating Motion for Execution of Judgment,(Docket No. 20), dated January 29th, 2001, is therefore **GRANTED**. Federal Rule of Civil Procedure 69 (a) states that "[I]n aid of the judgment or execution, the judgment creditor or successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." The Court finds that the proposed order filed by Plaintiff in conjunction with the Motion for Partial Execution of Judgment is substantially consistent with local practice with respect to the enforcement of judgments. The Court on a separate order on the date hereof instructs the Clerk of the Court to issue a Writ of Execution to be satisfied by the United States Marshals. This ruling renders Plaintiff's Motion for Partial Execution of Judgment (Docket No. 17), filed on April 3rd, 2000, **MOOT**.

Notwithstanding, Plaintiff's Motion for Order in Aid of Execution of Judgment (Docket No. 16) dated April 3rd is **DENIED**. Plaintiff seeks an Order from this Court forcing the holder of a first mortgage on the property in question to disclose certain information. Federal Rule of Civil Procedure 69 (a) states that "[I]n aid of the judgment or execution, the judgment creditor or successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Puerto Rican law sets out a substantially equivalent rule, that "[I]n aid of the judgment or of its execution, the judgment creditor or his successor in interest may examine any person including the judgment debtor, as is

-2-

provided in these rules for the taking of depositions." P.R. Laws Ann. Tit. 32, App. III, Rule 51.4 (Supplementary Proceedings). Plaintiff has not pursued the desired information using traditional discovery methods. Therefore, this Court will not threaten HF Mortgage Banker, an entity that is not even a party to these proceedings, with contempt of court penalties for failure to respond to Plaintiff's request within 10 days. The Court suggests that Plaintiff should first simply ask for the required information.

IT IS SO ORDERED.

Date: January 3/, 2001

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE